UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SYDNEY E. SMITH**, | |
| Petitioner, | |
| v. | Case No. 20-cv-02933 (CRC) |
| **SCOTT FINLEY**, | |
| Respondent. | |

## MEMORANDUM OPINION

Sydney E. Smith is currently serving thirty years to life in federal prison on a D.C. Superior Court conviction for first-degree murder. Smith petitions for a writ of habeas corpus claiming that he received ineffective assistance of counsel in D.C. Superior Court collateral proceedings attacking that conviction, which, he says, caused him to default his claim that he received ineffective assistance of counsel at his trial. As it happens, Smith has already sought habeas relief from this court based on this very claim. See Smith v. Finley, No. 19-1763, 2020 WL 1536254 (D.D.C. Mar. 30, 2020) (Contreras, J.). In that case, Judge Contreras found that the court lacked jurisdiction over Smith's petition under D.C. Code § 23-110. Concurring, the Court will likewise dismiss Smith's petition.

**I. Background**

The background of this case has been fully explored in the proceedings before Judge Contreras. See Smith, 2020 WL 1536254, at *1–2; Smith v. Finley, No. 19-1763, 2020 WL 5253982, at *1–2 (D.D.C. Sept. 3, 2020) (denying motion to amend judgment but granting certificate of appealability). The Court will briefly recount the pertinent facts.

Approximately twenty years ago, Smith was convicted by a D.C. Superior Court jury of first-degree murder and sentenced to a term of imprisonment of thirty years to life. See Pet. at 7,

ECF No. 1 (hereinafter, "Sept. Pet."); see also Smith, 2020 WL 1536254, at *1.[1] Believing that his trial counsel performed deficiently, Smith filed a D.C. Code § 23-110 motion for a new trial through new counsel, Mr. Myers. Sept. Pet. at 7–8. Smith's § 23-110 motion rested, in part, on a claim that his trial counsel's failure to investigate and present certain alibi witnesses constituted ineffective assistance of counsel. Id. The trial court denied Smith's § 23-110 motion, and his appeal of that ruling was consolidated with his direct appeal of his conviction. Smith, 2020 WL 1536254, at *1; see Shepard v. United States, 533 A.2d 1278, 1280 (D.C. 1987) (noting that "if [a] § 23-110 motion is denied, the appeal from its denial can be consolidated with the direct appeal"). In an unpublished decision, the D.C. Court of Appeals fully affirmed Smith's conviction and the denial of his § 23-110 motion. Smith, 2020 WL 1536254, at *1. Undaunted, Smith proceeded *pro se* to file three more collateral challenges to his conviction, all of which were likewise denied. Id. at *2; Sept. Pet. at 3–4. In October 2015, the D.C. Court of Appeals barred Smith from filing any further *pro se* petitions. Smith, 2020 WL 1536254, at *2; Sept. Pet. at 9.

Smith then turned to this court. In the summer of 2019, Smith filed a *pro se* petition for federal habeas review under 28 U.S.C. § 2254. See Pet., Smith v. Finley, No. 19-01763 (D.D.C. June 11, 2019), ECF No. 1; Am. Pet., Smith v. Finley, No. 19-01763 (D.D.C. July 1, 2019), ECF No. 3 (hereinafter "July Pet."). In that petition, Smith claimed that he was denied effective assistance of collateral counsel because Mr. Myers failed to adequately investigate exculpatory witnesses and, relatedly, failed to effectively argue that Smith's trial counsel was deficient on the same basis. See July Pet. at 2, 16–21. The court dismissed Smith's application on the ground

---

[1] The Court adopts Judge Contreras' use of the ECF-generated pagination over the inconsistent pagination in Smith's pleadings.

that federal courts lack jurisdiction to hear claims that collateral counsel was ineffective in D.C. Superior Court proceedings. Smith, 2020 WL 1536254, at *4. Smith moved for reconsideration of that ruling and for a certificate of appealability. The court denied the former request but granted the latter. See Smith, 2020 WL 5253982, at *5. Smith filed a notice of appeal in May 2020 and, while the appeal was still pending, filed another habeas petition lodging identical claims, which was assigned to this Court. See Sept. Pet. Two weeks after filing that petition, Smith notified the Court that he was withdrawing his appeal from the D.C. Circuit. See Notice of Withdrawal, Smith v. Finley, No. 19-cv-01763 (D.D.C. Oct. 13, 2020), ECF No. 28. Smith's appeal was dismissed on December 1, 2020. See Order, Smith v. Finley, No. 20-5122 (D.C. Cir. dismissed Dec. 1, 2020).

## II.  Analysis

Under 28 U.S.C. § 2254, a federal district court is authorized to issue a writ of habeas corpus "[on] behalf of a person in custody pursuant to the judgment of a State court" if "he is in custody in violation of the Constitution or laws . . . of the United States," id. § 2254(a). For purposes of § 2254, D.C. local courts are treated as "state" courts. See Milhouse v. Levi, 548 F.2d 357, 360 n.6 (D.C. Cir. 1976). "As a general rule," however, "District of Columbia prisoners, such as the Petitioner, are normally foreclosed from federal court review of their D.C. Superior Court convictions." Smith, 2020 WL 1536254, at *2; see also Gorbey v. United States, 55 F. Supp. 3d 98, 102 (D.D.C. 2014) ("For prisoners in the District of Columbia . . . habeas relief is especially hard to come by."). That is so because D.C. Code § 23-110 provides that

> [a]n application for a writ of habeas corpus [o]n behalf of a prisoner . . . shall not be entertained by the Superior Court or by any Federal or State court if it appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Id. § 23-110(g).  The D.C. Circuit has interpreted this provision as "entirely divest[ing] the federal courts of jurisdiction to hear habeas corpus petitions by prisoners who had a [§] 23-110 remedy available to them[.]"  Blair-Bey v. Quick, 151 F.3d 1036, 1042 (D.C. Cir. 1998).  The Circuit has recognized two exceptions to this general rule.  First, as provided by statute, federal courts may hear habeas petitions where § 23-110 would be inadequate or ineffective to test the legality of the petitioner's incarceration.  See id.  And second, federal courts may hear habeas petitions based on ineffective assistance of appellate counsel, since those claims cannot be raised under § 23-110.  Williams v. Martinez, 586 F.3d 995, 996 (D.C. Cir. 2009).

    Here, Smith again argues that he is wrongfully incarcerated pursuant to his D.C. Superior Court conviction because he received ineffective assistance of collateral counsel, causing him to default his claim of ineffective assistance on the part of his trial counsel.  Section 23-110 deprives the Court of jurisdiction over this claim.  As was the case in Smith's prior petition, Smith neither challenges the effectiveness of his appellate counsel nor demonstrates that § 23-110 is inadequate to assess the legality of his detention.  Perhaps anticipating this result, Smith asserts that § 23-110 is inadequate because it does not permit claims of ineffective assistance of collateral counsel.  See Sept. Pet. at 16.  Therefore, Smith reasons, this Court may hear his claim that his incarceration is unlawful under Martinez v. Ryan, which held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." 566 U.S. 1, 9 (2012); see Sept. Pet. at 17.[2]

---

[2] To the extent that Smith's petition relies on deficient collateral counsel as the primary basis for habeas relief (rather than as a procedural gateway for consideration of his claims of ineffective trial counsel), that claim fails because "defendants lack a constitutional entitlement to effective assistance of counsel in state collateral proceedings." Martinez, 586 F.3d at 1001.

4

This reasoning, however, is merely a superficial restyling of the same claim that Smith presented in his initial federal habeas petition. There, too, Smith argued that he received ineffective assistance of collateral counsel and thus, under Martinez, had established "cause" for defaulting his claim of ineffective assistance of trial counsel. For the reasons already explained by Judge Contreras, this argument is unpersuasive. Assuming that Smith's collateral counsel did, in fact, default an ineffective assistance of trial counsel claim,[3] Martinez permits petitioners to overcome procedural default "in a single context—where the State effectively requires a defendant to bring that claim in state postconviction proceedings rather than on direct appeal." Davila v. Davis, -- U.S. --, 137 S. Ct. 2058, 2062–63 (2017). That context is not present here because D.C. petitioners may raise an ineffective assistance of trial counsel claim on direct appeal. Smith, 2020 WL 1536254 at *4 (citing Johnson v. Wilson, 72 F. Supp. 3d 327, 329 (D.D.C. 2014)). As Judge Contreras explained, "[t]his means that petitioner is not legally or practically barred from having his ineffective assistance of trial counsel claim heard, as was the case in Martinez[.]" Id. at *4. The Court agrees with this reasoning, and Smith offers no basis to depart from it here.

Additionally, it is well-settled that "a plaintiff has no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." Baird v. Gotbaum, 792 F.3d 166, 171 (D.C. Cir. 2015) (cleaned up); see also Columbia Plaza Corp. v. Sec. Nat'l Bank, 525 F.2d 620, 626 (D.C. Cir. 1975) ("Sound judicial administration counsels against separate proceedings, and the wasteful expenditure of energy and

---

[3] As indicated by Judge Contreras, it is unclear whether any claim was, in fact, procedurally defaulted given that (as Smith concedes) Myers argued that Smith's trial counsel was ineffective. Smith, 2020 WL 1536254, at *3 n.5; Sept. Pet. at 22.

money incidental to separate litigation of identical issues should be avoided."); Sweeney v. U.S. Parole Commission, 197 F. Supp. 3d 78, 80–82 (D.D.C. 2016) (denying second § 2241 petition as successive and duplicative). This bar applies to represented and *pro se* plaintiffs alike. Sweeney, 197 F. Supp. 3d at 80. "To prevent duplicative pleadings," then, "this district has the discretion to control its docket by dismissing duplicative cases." Id. (cleaned up). After Smith's habeas petition was dismissed and his motion for reconsideration was denied, Smith filed an appeal in the D.C. Circuit. While that appeal was still pending, Smith lodged the exact same claim in a second application for federal habeas in this Court. Smith thus filed the present petition while the proceedings regarding his first petition were still ongoing. Dismissal of Smith's petition is warranted on this independent basis.

### III.   Conclusion

For the foregoing reasons, the Court will deny Smith's petition for habeas corpus. A separate Order shall accompany this Memorandum Opinion.

CHRISTOPHER R. COOPER  
United States District Judge

Date: March 4, 2021